

2012 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2012

# USA v. Eric Willis

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-3582

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"USA v. Eric Willis" (2012). *2012 Decisions.* Paper 1282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/1282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-041                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3582
_____

UNITED STATES OF AMERICA

v.

ERIC WILLIS,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00314-003)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2011

Before:  RENDELL, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: March 14, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        As we write primarily for the parties, we will recite only the facts pertinent to this

appeal.  In 2004, defendant-appellant Eric Willis ("Willis") pleaded guilty to several

charges stemming from a 2003 robbery of a U-Haul store in Philadelphia.  His sentence

included a consecutive ten-year term of incarceration—a mandatory minimum imposed by 18 U.S.C. § 924(c)(1)(B)(i)—derived from a coconspirator's possession of a shotgun during the robbery. Willis has unsuccessfully challenged his sentence on both direct and collateral review. See generally United States v. Willis, C.A. No. 10-3585 (3d Cir., order entered Dec. 6, 2010); United States v. Willis, 186 F. App'x 198 (3d Cir. 2006).

In June of 2011, Willis commenced a new attack on his sentence, filing a motion pursuant to 18 U.S.C. § 3582(c)(2). He claimed that "Amendment 599" had lowered his Guideline range, thereby justifying relief under § 3582.[1] The District Court disagreed and denied the motion, observing that the relevant "sentencing guideline range [was] unaffected" by Amendment 599. Willis filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. While we review the District Court's order primarily for abuse of discretion, our review of legal questions is plenary. See United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

We agree with the Government that Willis cannot obtain relief under § 3582(c). Even if Amendment 599, which *antedated* Willis's sentencing by several years, applied

---

[1] Amendment 599 expanded the commentary to U.S.S.G. § 2K2.4 on the use of a firearm during or in relation to certain crimes, and clarified under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other offenses. See 3 U.S. Sentencing Comm'n, Guidelines Manual C-572–74 (2010), available at http://www.ussc.gov/Guidelines/2011_Guidelines/Manual_PDF/Appendix_C_Vol_II.pdf (2011 edition with identical textual content). Amendment 599 went into effect on November 1, 2000, and was made retroactive pursuant to U.S.S.G. § 1B1.10. For a discussion of Amendment 599, see United States v. Goines, 357 F.3d 469 (4th Cir. 2004).

2

in the fashion he claims, it is clear from the pre-sentence report that Willis never received a firearms enhancement; rather, the lengthy sentence imposed by the District Court derived, in part, from the mandatory minimum required by 18 U.S.C. § 924(c)(1)(B)(i). A mandatory-minimum term of imprisonment required by statute is not an element of the Guidelines, and Willis therefore cannot challenge that portion of his sentence via § 3582. See Dillon v. United States, ___ U.S. ___, 130 S. Ct. 2683, 2691 (2010) ("[Section 3582(c)(2)] applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission."). Rather, a motion under 28 U.S.C. § 2255 is the proper mechanism for challenging a federal conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) (distinguishing between motions brought under § 3582(c) and those brought under § 2255).

"Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.